## W. F. Mullins et al. *v.* Tilley Emerson.

**Judgment—Setting Aside—Abated Action.**

　　Under § 579, subsec. 6, Civ. Code, relating to vacation of final judgments because of the death of one of the parties before judgment in the action, where the death of a party before judgment is alleged, and not controverted by the answer, and revivor is not shown, the judgment should be set aside.

**Abatement and Revival—Necessity of Revivor—Consolidation of Action.**

　　Where an action has abated by the death of a party, and judgment was rendered in the case without revivor, revivor is not dispensed with by consolidating the abated action with an action by the personal representatives of the deceased against the heirs for settlement of the estate.

### APPEAL FROM CLARK CIRCUIT COURT.

### April 1, 1874.

Opinion by Judge Peters:

In the action of Tilley Emerson et al. v. Gordon C. Mullins et al., the defendant, Mullins, was dead before the judgment was

rendered in the case for the sale of the land; and there never had been a revivor of the action against appellants, who are his heirs, he having died intestate, nor against his personal representative.

By Sec. 579, Civil Code, the court in which a judgment or final order has been rendered or made, has the power, after the expiration of the term, to vacate or modify such judgment or order, for certain causes enumerated in the sub-sections thereto subjoined; and the sixth provides that the judgment or final order may be vacated for the death of one of the parties before the judgment in the action.

At the time the action was submitted, and when the judgment was rendered for the sale of the land, Mullins was dead. Properly there was no suit in court, there never having been a revivor; and any judgment affecting the rights of his heirs, or representatives, it would seem, would be void, but bh that as it may, the court rendering the judgment upon the facts set forth in the petition, uncontroverted by the answer, should have set aside the judgment. Nor did the fact, that the suit of Emerson, etc., against Mullins was consolidated with a suit brought by the personal representative of Mullins against his heirs for the settlement of his estate, dispense with the necessity of reviving the first named suit. The defendants in the last named suit, were not defendants in the former suit; indeed, the order for the consolidation was a mere nullity, for there was, in fact, no suit in court to be consolidated with it.

Wherefore the judgment is reversed, and the cause is remanded with directions to render judgment in conformity hereto, and for further proceedings consistent herewith.

*Breckenridge & Buckner, for appellants.*

*C. Eginton, Simpson, for appellee.*